# United States Court of Appeals
## For the First Circuit

No. 23-1989

JOHN PAUL BEAUDOIN, SR.,

Plaintiff - Appellant,

v.

CHARLES D. BAKER, JR.; MAURA TRACY HEALEY, in her official capacity as Governor of the Commonwealth of Massachusetts; MARGARET R. COOKE, individually and in her official capacity as Commissioner of the Department of Public Health of the Commonwealth of Massachusetts; MINDY HULL, individually and in her official capacity as Chief Medical Examiner of the Commonwealth of Massachusetts; JANICE Y. GRIVETTI, individually and in her official capacity as Medical Examiner in the Commonwealth of Massachusetts; MICHELE N. MATTHEWS, individually and in her official capacity as Medical Examiner in the Commonwealth of Massachusetts; ROBERT M. WELTON, individually and in his official capacity as Medical Examiner in the Commonwealth of Massachusetts; JULIE HULL, individually and in her official capacity as Medical Examiner in the Commonwealth of Massachusetts,

Defendants - Appellees.

Before

Barron, Chief Judge,
Kayatta and Rikelman, Circuit Judges.

**JUDGMENT**

Entered: August 11, 2025

     Per the allegations set out in a complaint filed in the United States District Court for the District of Massachusetts, plaintiff-appellant John Paul Beaudoin, Sr., was a student at the Massachusetts School of Law. He completed one year of study but, after refusing to comply with the school's requirement for COVID-19 vaccination, he was removed from the student body. Beaudoin sued the Massachusetts governor and other officials on the theory that the state had disseminated grossly flawed information about COVID-19 and the vaccines against it. On this basis, he alleged that the officials were responsible for Massachusetts Law School's decision to adopt a vaccine mandate and for the termination of his studies due to his noncompliance with that

mandate. His request for remedies included a statewide halt to COVID-19 vaccination pending expert review and a mandatory announcement across all available news media that the government had disseminated fraudulent pandemic information.

The district court concluded that dismissal was in order because Beaudoin had failed to offer allegations sufficient to establish Article III standing to sue. See Wine & Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 44 (1st Cir. 2005) ("It is axiomatic that Article III standing is a constitutional precondition to a federal court's power to adjudicate a case."); see also Wiener v. MIB Grp., Inc., 86 F.4th 76, 83 (1st Cir. 2023) ("It is [plaintiff's] burden . . . to allege sufficient facts to plausibly demonstrate standing.") (internal quotation marks omitted). We have carefully considered each of the arguments offered by Beaudoin in briefing and conclude that he has failed to identify any infirmity in the district court's standing reasoning. See Wiener, 86 F.4th at 83 ("We review de novo the district court's decision to dismiss the case on Article III standing grounds . . . .").

Accordingly, the judgment of the district court is **AFFIRMED**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
John Paul Beaudoin Sr.
Daniel John Hammond
Grace Gohlke